**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. <u>25-20303-CR-JB</u>**

**UNITED STATES OF AMERICA**

**v.**

**JACOB MELVIN HART,**

      **Defendant.**

_____/

<u>**THE UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S
OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**</u>

The United States of America, by and through the undersigned Assistant United States Attorney, hereby responds to Jacob Melvin Hart's (the "Defendant") objections to the Presentence Investigation Report ("PSR"). [DE 46].  For the reasons argued below, the Court should overrule the Objections and find the enhancements have been properly applied.

**I.   The Objections the Government Does Not Object and/or Takes No Position.**

First, the government notes that the Defendant launches several objections related to facts contained within the PSR, which have no bearing on the guideline range and/or are immaterial to this case. Thus, as noted in the Objections the government does not object and/or takes no position related to these specific Objections, which relate to Paragraphs 66, 72, 10, and 11 of the PSR.

**II.   The Objections the Government Opposes**

*A.  The California Minor Victims*

The Defendant disputes Paragraph 17 of the PSR, which details the Defendant's admission that he produced or attempted to produce sexually explicit depictions of at least 8 minor victims who then resided in California (collectively, referred to as the "CA Minor Victims").

[DE 46 at ¶ 1]. Paragraph 17 of the PSR is a direct quote from the Defendant's signed factual proffer, wherein he specifically admitted to the conduct. [DE 34 at 3]("The Defendant further agrees that the following facts related to revenant conduct are true … he produced and attempted to produce sexually explicit depictions of at least eight Minor Victims.").  He further admitted that he provided the CA Minor Victims computers that allowed him to create surreptitious recordings of each victim using the computer, including sexually explicit depictions. *Id*.  The Defendant has specifically admitted this conduct. The Court should overrule this objection. In many of the videos, the CA Minor Victims are showering or in various stages of undress. Put simply, the software installed by the Defendant on the computers captured the CA Minor Victim naked and for the purpose of the Defendant's sexual interest in them and gratification.

Similarly, the Defendant objects to the facts contained in Paragraph 18 of the PSR, which characterize the recordings of the CA Minor Victims as sexually explicit. [DE 46 at ¶ 2]. Again, in his signed factual proffer, the Defendant has already specifically admitted to this conduct *and* the characterization of the depictions as sexually explicit. [DE 34 at 3] ("The surreptitious recordings including sexually explicit depictions of the CA Minor Victims.").

Moreover, even ignoring the Defendant's admission in the proffer, the videos are objectively sexually explicit. Sexually explicit conduct includes not just masturbation, sexual conduct, suggestive posing, or sexual exhibition, as the Defendant claims. [DE 46 at ¶ 2]. It also includes the "lascivious exhibition" of the genitals, which can be created when "an individual who surreptitiously videos or photographs a minor and later captures or edits a depiction, even when the original depiction is one of an innocent child acting innocently." *United States v. Holmes*, 814 F.3d 1246 (11th Cir. 2016).  This is exactly what the Defendant did here. The Defendant capitalized on his position of trust and authority within his church community to obtain access to and then

create surreptitious recordings of the CA Minor Victims.  Those depictions are sexually explicit, and the Court should overrule the objection.

### B.  The Computer Enhancement—Section 2G2.2(b)(6)

Section 2G2.2(b)(6) provides for a two-level enhancement if the offense involved the use of a computer for the possession of child pornography, or for accessing with intent to view child pornography.  U.S.S.G. § 2G2.2(b)(6). The Defendant argues that the Court should not apply the enhancement because the enhancement is outdated and applies to nearly every Defendant. [DE 46 at ¶ 3, 5]. The wide applicability of § 2G2.2(b)(6) is not a basis to preclude its use. The enhancement is properly applied because the base offense level does "not fully account for the use of a computer" *United States v. Thornburg*, 760 Fed.Appx 937 (11th Cir. 2019) (holding that the application of § 2G2.2(b)(6) is not impermissible double counting and the sentencing commission intended the result.); *see also United States v. Little*, 864 F.3d 1283 (11th Cir. 2017) (relating to a violation of 18 U.S.C. § 2252(a)(1)).

### C.  The Pattern of Activity Enhancement—§ 2G2.2

The Defendant objects to the five-level enhancement for pattern of activity offender. [DE 46 at ¶ 4]. The sentencing guidelines explicitly applies when there are "two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant." U.S.S.G. § 2G2.2 cmt. 1.  The terms "sexual abuse or exploitation" include violations of 18 U.S.C. § 2251(a) (production of child sexual abuse material). *Id*. As the Eleventh Circuit explained in *Fox*, the plain meaning of "separate occasions" does not require two events that are unrelated, it only requires events that are independent and distinguishable from each other. *Fox*, 926 F.3d at 1280. Moreover, the enhancement applies where there are multiple, distinct instances of abuse—whether ongoing, related, or random. *Id.*; *see also Isaac*, 987 F.3d at 994 (concluding a defendant "engaged in a

3

pattern" where the "production of child pornography occurred on two different days and was not continuous"). Here, the Defendant engaged in a pattern of activity and exploited ***at least nine minors***. For certain minor victims, ***he victimized them on several occasions***. The government need only prove that these crimes occurred on two occasions against at least one minor, but by his own admissions, detailed in the factual proffer, there are more than that. The evidence is overwhelming that this enhancement applies, and the Court should overrule the objection.

### D. *The Number of Images*—§ 2G2.2(b)(7)(D)

The Defendant objects to the application of a five-level enhancement due to the presence of over 600 images pursuant to § 2G2.2(b)(7)(D). [DE 46 at ¶ 6]. The application of this enhancement is appropriate. The Eleventh Circuit recently clarified in *Kluge* how to calculate the number of images:

> We conclude that § 2G2.2(b)(7) unambiguously dictates that each video frame containing child pornography counts as one image. To calculate this sentencing enhancement, the government must present evidence for the district court to determine the number of frames containing child pornography. As the Third Circuit has recognized, this task could likely be accomplished by first identifying 'how many seconds within [the] video contain child pornography' and then multiplying that number by the video's frame rate. *Haggerty*, 107 F.4th at 188.

*United States v. Kluge*, 147 F.4th 1291, 1301 (11th Cir. 2025).

There are 24 frames per second ("fps") on a standard video.[1] *See United States v. Haggerty*, 107 F.4th 175, 188 (3d Cir. 2024). Multiplying 24 fps by the total number of seconds of child pornography video equals the total number of images under *Kluge*. *See generally* 147 F.4th at 1301.

---

1 *See* Adobe, "What is a frame rate?" Available at:
https://www.adobe.com/creativecloud/video/discover/frame-rate.html#:~:text=Motion%20pictures%2C%20TV%20broadcasts%2C%20streaming,standard%20frame%20rate%20of%2024fps.

Here, the United States has so far identified approximately at least 33 CSAM videos on the devices seized in the Southern District of Florida. The PSR describes three of these videos and their length. PSR ¶ 12. In just those three videos, there were approximately 468 seconds of video. Multiplying 24 fps by 468 seconds equals 11,232 images, based merely on the three videos described in the PSR. As such, the five-level enhancement under § 2G2.2(b)(7)(D) is correctly applied. PSR ¶ 12.

### E. Repeat and Dangerous Sex Offender—§ 4B1.5(b)(1)

Finally, the Defendant objects to the five-level enhancement for being a repeat and dangerous sex offender on the basis that it is impermissible double counting. [DE 46 at ¶ 7]. The Eleventh Circuit Court of Appeals has held that the application of § 4B1.5(b)(1) and § 2G2.2(b)(5) is not impermissible double counting because the Sentencing Commission intended for the enhancements to apply cumulatively. *United States v. Rogers*, 989 F.3d 1255 (11th Cir. 2021). The repeat and dangerous sex offender enhancement applies if the defendant engaged in prohibited sexual conduct on at least two separate occasions, regardless of whether the crimes were committed against the same victim or different victims. *See United States v. Boone*, 97 F.4th 1331, 1340–41 (11th Cir. 2024); *see also United States v. Fox*, 926 F.3d 1275, 1280-81 (11th Cir. 2019); *see also United States v. Isaac*, 987 F.3d 980, 994 (11th Cir. 2021) (affirming application of the pattern-of-activity enhancement where the defendant produced child pornography of the same victim on February 22 and February 24); U.S.S.G. § 4B1.5 cmt. n.4(B)(i) (providing that a defendant has engaged in "a pattern of activity" if the defendant has "on at least two separate occasions" participated in prohibited sexual conduct with a minor).

The Defendant argues that the passage of time between his 2006 conviction for hiding a camera in the girl's showers at a youth church camp and the present offense is somehow a reason

the enhancement should not apply. There is no legal basis for that claim. Additionally, the passage of time only further shows that the Defendant's conduct has been ongoing for years, has been repeated, and that he will remain a danger to children. In essence, the spirit of the enhancement was made to penalize exactly the Defendant's conduct. The enhancement applies because the Defendant has repeatedly, persistently and over a period of years sexually exploited children. Even without the 2006 conviction, the enhancement would be applicable due to the number of separate occasions the Defendant has engaged in prohibited sexual conduct.

## III.     Conclusion

For the reasons set forth above, this Court should deny the Defendant's objections to the Pre-Sentence Report.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:     /s/ Brianna Coakley
BRIANNA COAKLEY
Assistant United States Attorney
Court ID No. A5503184
United States Attorney's Office
99 NE 4th Street, 6th Floor
Miami, Florida 33132
(305) 961-9127
Brianna.Coakley@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 30, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which provides electronic notice of the filing.

/s/ Brianna Coakley
BRIANNA COAKLEY
Assistant United States Attorney